Martin v. Jersey City Insurance Co.

WILLIAM MARTIN v. JERSEY CITY INSURANCE COMPANY.

1. Knowledge by the president of an insurance company, who has exercised the power of making and renewing contracts of insurance, that the insured was making additions to the insured buildings with a verbal permission to do so, estops the company from defending an action brought upon the policy upon the ground that, by reason of such additions, there had been an increase of risk.

2. Knowledge by the company of the existence of a subsequent insurance, followed by any words or acts on the part of the company by which the insured is induced or permitted to believe that the contract of insurance is still subsisting and the property of the insured is still protected, is a waiver of the condition or an estoppel against an assertion that a forfeiture of the policy has occurred because of a failure of the insured to comply with the condition to give notice of such subsequent insurance and have it endorsed upon the policy or acknowledged in writing.

3. Where the knowledge of an agent is to be imputed to the company, it should be the knowledge of an agent authorized to bind the company by his acts in regard to the transaction concerning which the knowledge is to operate as a waiver.

4. Where the case of the plaintiff rests upon an alleged waiver of a condition requiring the endorsement in writing of subsequent insurances by knowledge of an agent of the company, followed by acts of the company, and it appears that the evidence in regard to the extent of the agent's authority is meagre and unsatisfactory, and the evidence as to whether any information of such insurances was given to such agent was contradictory, a direction that a verdict be rendered for the plaintiff is erroneous

On rule to show cause why a new trial should not be granted.

The action was upon a policy of insurance written by the defendants upon property described in the policy as owned by the plaintiff. At the close of the case the trial justice directed a verdict for the plaintiff, and gave a certificate for review with a rule to show cause why the verdict should not be set aside and a new trial granted.

The facts are sufficiently stated in the opinion to show the significance of the legal contentions upon which a new trial is asked.

Argued at February Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the rule, *C. H. Winfield.*

*Contra, J. B. Vredenburgh.*

The opinion of the court was delivered ·by

REED, J. The first point upon which the defendants insist the direction below was ʽerroneous is that the plaintiff was not the owner of the property insured, as ·was stated in the policy.

The policy was issued to one Fowler in November, 1863. He was the owner. It was assigned to Martin June 12th, 1882, by an endorsement as follows: " This insurance is now for account and benefit of William Martin, owner. Loss, if any, payable as heretofore."

The clause in the present policy relative to the statement of the interest of the person insured is identical with the clause upon the same subject in the policy under consideration in the case of *Franklin Fire Ins. Co.* v. *Martin,* 11 *Vroom* 568. In that case, as in this, the legal title was in another than the insured. The latter held an agreement by which the legal owner had covenanted to convey to the insured. The court held that a party in possession under a valid and subsisting contract for a conveyance, is not guilty of a misrepresentation or breach of warranty so as to avoid the policy, if in the application he describe the property as his property. This rule is further illustrated in *Carson* v. *Jersey City Ins. Co.,* 14 *Vroom* 300.

The cases already decided rule the present case, and there is no reason apparent in this phase of the case why a new trial should be directed.

The second ground of contention is that the plaintiff enlarged the size of the insured buildings, and so increased the risk, thereby avoiding·the policy. The first condition in the policy contains a clause providng that if, after insurance, effected either by the original policy or by the renewal thereof, the risk shall be increased by any means whatever within the control of the insured, such insurance shall be void.

It appeared that Mr. Martin put an addition to the first and second floors, thirty by twenty-five feet, in the north corner

of the building, and built a dining-room, kitchen and laundry under the ball-room.

Several witnesses testified that this increase in size of and number of rooms which the Mansion House—the name of the insured building—contained, was an increase of risk.

The plaintiff then offered testimony to show that Mr. McLaughlin, the president of the Jersey City Insurance Company, was frequently present, during 1868, at the Mansion House, while these additions were being made. Mr. Post, a carpenter who worked upon these improvements, says that he saw Mr. McLaughlin more or less there. He would drive down the road once in a while, about once a week or so, or sometimes twice a week, and he generally stopped at the Mansion House. Martin, the plaintiff, says: "McLaughlin used to be there every week, and I told him what I was going to do, and he brought me a paper from the Star, of New York—a permit—and he gave me permission from his own company just the same; Mr. McLaughlin kept me insured in the Star, and I paid him the renewals for the Star twice; it was while he was president of the Jersey City; I never went to the Star myself; I paid McLaughlin."

It appears that McLaughlin died in December, 1868. After his death the premium for renewal was paid to Mr. Paulmier, the succeeding president.

If this testimony be accurate, it would seem to operate as a waiver of the clause in the second condition relative to the effect upon the policy by an increase of risk, so far as regards this addition by the insured. *Fire Ins. Co.* v. *Building Ass'n,* 14 *Vroom* 652.

Nor does the fact that, before the occurrence of the fire, there had been a renewal of the policy, place the defendants in a more advantageous position. The renewal was made upon the basis of the old contract, as no change is indicated in the renewal receipt. *Wood on Ins.,* § 131.

It is also observable that there is nothing in the description of the property in the policy which is variant from its ap-

pearance upon the ground at the time of the renewal or the destruction of the buildings. The present case is unlike that wherein there is a false description of the premises, which fault is incurable by the fact that the company or its agent had knowledge at the time of the execution of the policy of the true description of the premises.

The contention is made that by reason of the failure on the part of the insured at the time of the renewal to make a new representation in writing, showing how the risk had been varied, defeats a recovery, as this is made a condition precedent to such renewal by condition 12 of the policy.

The renewal was merely an extension of the life of the old contract. The increase of risk which might have avoided it was rendered harmless by the act of·the agent and officer of the company, and thereafter, as to this act of the insured, the contract existed as if no such addition to the risk had been made. The act of the company in expressing, through its officer, its approval of the addition to the insured premises, which estopped it from thereafter relying upon the addition as a breach of a condition which defeats a recovery, equally estops it from a similar course so long as they chose to keep the contract alive. The company was not in a position at the time of the renewal to assert that there had been an increase of risk, and the insured was not called upon to make a representation of that which, as regards the company, did not exist.

Upon this point in the case, assuming that the plaintiff's testimony is entirely accurate, I think there was no defence.

The third point certified and discussed is this: Did the plaintiff effect further insurance upon the same property without giving notice to the defendants and having it endorsed upon the policy or otherwise acknowledged in writing?

If so, was there a waiver of the condition relating to this subject?

As to the first part of the question, it is admitted that there were insurances in the State and in the Franklin, neither of

which was endorsed upon this policy or acknowledged by the company in writing.

The testimony in the case upon which the plaintiff relies as evidence of a waiver is substantially the following :

McLaughlin and Paulmier knew of and obtained other insurances while the present policy was in force.

He (Martin) told a Mr. Buckley to notify the company, and he told Mr. Morrison to do the same when he came to collect the premiums.

It does not appear that Mr. Buckley had any connection with defendants, but that he had procured insurance for the plaintiff in the Franklin and State Insurance Companies.

Mr. Morrison was a surveyor and collector of premiums for the defendants. Martin says that when he came to collect the premium for the last renewal, he (Martin) told him that he would go over and see Paulmier in a week or so.

Morrison saw him again, and in the conversation Martin said, incidentally, when speaking of the rate at which Mr. Paulmier should get a renewal from the Star, that Buckley has got me the Franklin for $65 and the State for $70.

The question whether knowledge, coming incidentally into the possession of an agent, is notice within the meaning of the condition requiring notice of a second insurance, seems to have been answered in the negative in the case of *Schenck* v. *Mercer County Mutual Ins. Co.*, 4 *Zab.* 447.

The effect of such knowledge in regard to its operation as a waiver of the breach of the condition requiring notice, was not considered in that case.

Where such knowledge, however obtained, is proven clearly to have been in the possession of the assured, and thereafter any word is spoken or act done or possibly repudiation of the contract neglected, by means of which the insured is induced or permitted to believe that the contract is still subsisting and his property protected, should amount to an estoppel or waiver. *Wood on Ins.*, §§ 496, 497.

But the knowledge by the company of the fact by which a breach of condition has occurred, must be clearly proven.

If it is the knowledge of an agent which is to be imputed to the company, it should be that of an agent authorized to bind the company in that transaction.

Now if we assume that the subsequent acts of the company were such, if it had such knowledge, either as to amount to a waiver or estoppel, yet the evidence of the character of the agent and the manner in which he received his information, is far from the satisfactory character upon which a verdict should be directed. Morrison does not seem to have been held out to the insured as a general agent. In fact, the information was not conveyed to him as an agent at all of the Jersey City Company, but in regard to an insurance which was to be effected by Paulmier in the Star.

From the meagre testimony in regard to Morrison's real authority as a representative of the defendants, I could not say that it is proven that, admitting his knowledge of the fact of the insurance in the Franklin, that it was the knowledge of the defendants.

Besides, the evidence that the plaintiff said anything to Morrison upon the subject of insurance in the Franklin, is contradicted by Morrison himself.

There was also a conflict in the testimony of Dr. Foote and his own, as to whether the plaintiff had not said that he never gave the defendants notice of the second insurance. I think that it should have been left to a jury to determine the accuracy of the testimony as to the facts upon which the plaintiff relied to show waiver of condition as to notice of the second insurances.

As to the question of waiver, involved in the second branch of the case, in regard to the increase of risk, inasmuch as conversations and acts of McLaughlin were principally relied upon, and he was, at the time of trial, dead, it might have been as well to have submitted this also to the jury, although I am not prepared to say that for the direction upon this branch of the case there was error.

There was no error in the admission of testimony relative to the character of the buildings or the additions thereto. It

did not contradict the proofs of loss, but only explained the location and change in the insured structure, so that the questions of avoidance and waiver from change of risk could be raised and settled.

Upon the ground stated, the rule to show cause should be made absolute.